### Henry Thomas v. The People.

*Challenges to the array—Witness for prosecution.*

It is no ground of challenge to the array that the jury-lists were not returned until after the time designated by law.

A saloonist fired a pistol through his door in trying to keep a disorderly crowd out. His son and another man were the only other persons inside. *Held* that on his prosecution for assault with intent to murder, the saloonist was entitled to demand that the prosecution, having subpœnaed the stranger who had been inside, should put him on the stand since it was presumable that he could have given important evidence not otherwise obtainable.

Error to Ionia. Submitted June 19. Decided Oct. 15.

Assault with intent to kill and murder.

*Wisner & Johnson* and *Charles S. May* for plaintiff in error. One charged with crime is entitled to trial by a common law jury chosen from the vicinage, Cooley Const. Lim., 318–19; 2 Kent's Com., 12; 3 Story on Const., 654; Comp. L., §§ 5977–81; Pub. Acts 1877, p. 113; *People v. Williams*, 24 Mich., 161; *State v. Vegas*, 19 La. Ann., 105; *State v. DaRocha*, 20 La. Ann., 356; *State v. Morgan*, 20 La. Ann., 442; *State v. Jennings*, 15 Rich., 42; *State v. Pratt*, id., 47; *Conner v. State*, 4 Yerg., 137; *Perry v. State*, 9 Wis., 19; *Gardner v. Turner*, 9 Johns., 260; *People v. M'Kay*, 18 Johns., 212; a public prosecutor may not suppress testimony, *Wellar v. People*, 30 Mich., 16; *Hurd v. People*, 25 Mich., 415; *Maher v. People*, 10 Mich., 225.

Attorney General *Otto Kirchner* for the People.

Cooley, J. Plaintiff in error was convicted of an assault with intent to kill and murder one William Novenger. When the jury was impaneled, a challenge was interposed to the array; and this challenge presents the first ground of alleged error.

I. Under the statutes of this State the supervisor and township clerk of each township are required, at the time appointed by law for the review of the assessment roll for the year, to make out and return to the county clerk a list of persons possessing the requisite qualifications, to serve as petit jurors for the ensuing year. Comp. L., § 5977. The names appearing on each of these lists are to be written on slips of paper and then made up into a package, and the slips on which are written the names returned for the previous year are at the same time to be destroyed. When a jury is to be drawn, the names thus returned from the whole county are placed together in a box, and the drawing is made therefrom by the county clerk. Public Acts 1877, p. 113. This statement is sufficient for an understanding of the questions raised by the challenge.

The trial of plaintiff in error took place early in 1878, and before the time for the review of the assessment rolls for that year. The lists from which the names of jurors should be drawn were consequently those returned for the year 1877. In respect to these it was shown: *first*, that from one township in the county no list was returned for that year; *second*, that from the remaining townships in the county, lists were returned, but that the time of making and returning the same varied from the statutory time, in nearly every instance, and in one case twenty-six days. The failure to comply with the statute in making and returning these lists was the reason assigned for the challenge.

There is nothing in this reason. The time for returning the lists was of no importance to parties litigant. The statute named a time when it would be convenient to make it, because the supervisor and clerk would then be together on other business; but a list made earlier or later would be equally good, for nothing depended on the time. Nor was the failure to make any return at all a fatal defect, for the statute expressly provides that in such cases the names previously returned shall be retained and made use of. Comp. L., § 5983. The challenge was properly overruled.

II. On the trial it appeared from the evidence given on behalf of the people that the assault was committed by the discharge of a loaded pistol at Novenger, thereby inflicting upon him a severe wound. Plaintiff in error was keeper of a saloon, and was in it with his son and one McCacklin. Novenger and several other persons undertook to enter it, and were ordered off. Considerable evidence was put in which had some tendency to show a persistent purpose on the part of Novenger and his associates to enter the saloon, and when they were finally ordered away, the door was slammed to, and glass in it was broken. The pistol which inflicted the injury on Novenger was then fired through the door.

The defense insisted that under the circumstances the firing of the pistol was justifiable, and they asked the court to require the prosecution to put McCacklin upon the stand for examination, since *prima facie* he would be able to give testimony that would be important to assist the jury to arrive at a correct understanding of the case. This request the court refused.

McCacklin, it appears, had been subpœnaed on the part of the People, and during the progress of the trial was called, but failed to respond. No effort seems then to have been made to produce him, and no impediment to doing so is shown. The prosecution now attempt an excuse for this failure, by saying that he was only one of several witnesses of the transaction, so that his testimony could only have been cumulative. The excuse, under the circumstances of the case, is not sufficient. Besides the actors in the affray McCacklin was the only person who appears to have been in position to see what took place inside the saloon, and presumptively he could have given evidence of high importance. In some particulars his evidence in all probability would have stood alone. The reasons requiring him to be called by the prosecution have been so fully stated in other cases that we need not repeat them here. *Maher v. People,* 10 Mich., 225; *Hurd v. People,* 25 Mich., 415; *Wellar v. People,* 30 Mich., 16.

In the other assignments of error we find nothing calling for special remark.

The judgment must be reversed.

The other Justices concurred.