PEOPLE v. CAVATAIO

JUDGES—DISQUALIFICATION—PROCEDURE—ELECTION OF PROCEDURE—COURT RULE.

Denial of defendant's motion for permission to file a motion for disqualification supported by affidavits, which would have permitted another judge to hear the facts alleged regarding disqualification, was not error where defendant had earlier orally moved for the judge's disqualification; defendant's election to proceed by oral motion satisfied his right to move for disqualification (GCR 1963, 405.1, 405.2).

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 May 10, 1971. (Docket No. 10279.) Decided May 26, 1971. Leave to appeal denied, 386 Mich 779.

Peter Cavataio was convicted of assault and battery and malicious destruction of personal property. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Franklin & Harris,* for defendant.

Before: DANHOF, P. J., and FITZGERALD and QUINN, JJ.

REFERENCE FOR POINTS IN HEADNOTE
46 Am Jur 2d, Judges § 204 *et seq.*

PER CURIAM. Convicted by jury verdict and sentenced, defendant raises two issues on his appeal. The first relates to his attempt to disqualify the trial judge, and the second concerns prejudicial remarks of the prosecuting attorney in closing argument.

Grounds for disqualification of a judge and the procedure to obtain disqualification are specified in GCR 1963, 405. Defendant moved orally for the trial judge's disqualification on the basis of the latter's personal bias and prejudice against defendant, 405.1(3). The record does not establish nor does defendant demonstrate the personal bias and prejudice in fact required for disqualification. *Crowley, Milner & Co.* v. *Macomb Circuit Judge* (1927), 239 Mich 605, 613.

On denial of the oral motion for disqualification, defendant moved for permission to file a motion for disqualification supported by affidavits, 405.2. Denial of this request was not error. Defendant elected to proceed under 405.1. The election satisfied his right to move for disqualification, and the record does not demonstrate an abuse of discretion in the denial of the subsequent motion.

Objection to the prosecuting attorney's prejudicial remarks in closing argument was sustained and the jury was instructed to disregard those remarks. If error occurred, it was not reversible error, *People* v. *Gerndt* (1928), 244 Mich 622.

Affirmed.