PEOPLE v RILEY
PEOPLE v JOHNSON
PEOPLE v ODOMS
PEOPLE v TANDY
PEOPLE v DALMAN

1. Criminal Law—Venue—Elements of Proof.

Criminal prosecutions, traditionally and presently, have been and are conducted in the county where the crime occurred and proof of venue is an essential element of the prosecution's case.

2. Criminal Law—Venue—Circuit Courts—Jurisdiction.

The statutory provisions giving jurisdiction over crimes and offenses committed by a defendant who is confined in a penal or reformatory institution to the circuit court of the county in which the institution is located do not prohibit jurisdiction of the circuit court in the county where the crime was committed where the latter county is other than the county where the institution is located; such jurisdiction of the circuit court of the county where the crime was committed continues unaffected by those statutory provisions and a change of venue based on those provisions was not properly ordered.

Appeal from Livingston, Paul R. Mahinske, J. Submitted Division 11 February 14, 1973, at Lansing. (Docket Nos. 14203, 14180, 14181.) Decided February 26, 1973.

Michael Riley was charged with kidnapping, unlawfully driving away an automobile, and assault; Charles E. Johnson and Jimmy H. Odoms were charged with armed robbery and kidnapping; Robert H. Tandy and John B. Dalman were charged with breaking and entering and unlawfully driving away an automobile, all in Livingston

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 398, 399.

County. Defendants Johnson and Odoms moved for change of venue to Jackson County. Denied. Defendants appealed to circuit court. Reversed. Venue changed to Jackson County. Proceedings against defendants Riley, Tandy and Dalman were transferred to Jackson County by the trial court. The people appeal all transfers. Reversed and remanded to Livingston County.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas Kizer, Jr.,* Prosecuting Attorney, and *John Patrick Conley,* Chief Assistant Prosecuting Attorney, for the people.

*Heikkinen, Gates, Yogus & Merritt,* for defendants Riley and Odoms.

*Kleeb & Coughlin,* for defendants Tandy, Dalman and Johnson.

Before: McGREGOR, P. J., and QUINN and PETERSON,* JJ.

QUINN, J. The people appeal from orders of the Livingston County Circuit Court transferring jurisdiction of criminal proceedings against all defendants to Jackson County. We reverse.

Defendant Riley was convicted and committed to State Prison of Southern Michigan at Jackson. Thereafter he was assigned to Brighton Youth Camp in Livingston County. A warrant authorized by the Livingston County prosecuting attorney and issued by a Livingston County district court charged Riley with kidnapping, unlawfully driving away an automobile and assault with intent to do great bodily harm less than the crime of murder.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

It was alleged that these offenses occurred during Riley's escape from Brighton Youth Camp.

Defendants Johnson and Odoms escaped from State Prison of Southern Michigan and it was alleged that they committed the offenses of armed robbery and kidnapping in Livingston County thereafter. Authorized warrants issued in Livingston County charging Johnson and Odoms with these offenses.

Defendants Tandy and Dalman were transferred to Brighton Youth Camp from State Prison of Southern Michigan. They left camp without permission and allegedly committed the offenses of breaking and entering and unlawfully driving away an automobile in Livingston County. They were arrested and charged for these offenses.

In district court, defendants Johnson and Odoms moved for a change of venue to Jackson County on the basis of MCLA 768.6 and 768.7; MSA 28.1029 and 28.1030. This motion was denied and appeal was taken to the circuit court. That court interpreted the statutes, *supra,* and held that they required the proceedings against Johnson and Odoms to be had in Jackson County. The circuit court reversed the district court and granted the change of venue to Jackson County.

Following arraignment of Riley, Tandy and Dalman, the trial court, on its own motion, transferred the proceedings against these defendants to Jackson County. The reason for the transfer was the same statutory interpretation as was employed in the Johnson and Odoms proceedings.

We find interpretation of the above statutes unnecessary. Neither statute prohibits jurisdiction in the county where the crimes were committed. In pertinent part, Const 1963, art 6, § 13 provides:

"The circuit court shall have original jurisdiction in all matters not prohibited by law; * * * ."

Traditionally and presently, criminal prosecutions have been and are conducted in the county where the crime occurred, and proof of venue is an essential element of the prosecution's case, *People v Jackzo,* 206 Mich 183 (1919). Before the statutes relied on by the trial judge could have the effect he ruled that they had, they, or some other statute, would have to prohibit jurisdiction in the county where the crime was committed in those instances detailed in MCLA 768.6 and 768.7; MSA 28.1029 and 28.1030. We have found no other prohibitory statute and the statutes relied on below contain no such prohibition.

Reversed and remanded to the Livingston County Circuit Court for further proceedings.

All concurred.