PEOPLE v JOINES (ON REMAND)

RAPE—ASSAULT WITH INTENT TO RAPE—CONSTITUTIONAL LAW—DOU-
BLE JEOPARDY—KIDNAPPING—SAME TRANSACTION.

The prosecution of a defendant for assault with intent to rape
after his acquittal on the charge of kidnapping violated the
double jeopardy provisions of the state and federal constitutions
where both crimes were part of a single criminal transaction,
were committed in a continuous time sequence, and displayed a
single intent and goal. (US Const, Am V; Const 1963, art 1,
§ 15).

Appeal from Livingston, Paul R. Mahinske, J.
Remanded by the Supreme Court for reconsidera-
tion, June 27, 1974. (Docket No. 13232.) Decided
September 10, 1974. Leave to appeal denied, 393
Mich —.

Robert Lee Joines was convicted of assault with
intent to commit rape. Defendant appealed. Af-
firmed and remanded for resentencing, 46 Mich
App 427. Leave to appeal granted and remanded
for reconsideration 392 Mich 764. On remand,
reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Edward R. Wilson*
and *William P. Weiner,* Special Assistants Attor-
ney General, and *Thomas Kizer, Jr.,* Prosecuting
Attorney, for the people.

Robert Lee Joines, *in propria persona.*

Before: LESINSKI, C. J., and McGREGOR and T. M.
BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 166, 183.

ON REMAND

McGREGOR, J. On June 27, 1974, the Michigan Supreme Court remanded this case for our reconsideration in light of *People v White,* 390 Mich 245; 212 NW2d 222 (1973).

In our original opinion, reported at 46 Mich App 427; 208 NW2d 193 (1973), we rejected the "same transaction" test for determining the applicability of the constitutional prohibitions against double jeopardy. US Const, Am V; Const 1963, art 1, § 15. In so doing, we expressly declined to adopt the reasoning of the majority of another panel of this Court, in *People v White,* 41 Mich App 370; 200 NW2d 326 (1972). Since that time, our Supreme Court has affirmed the decision in *White* and embraced the "same transaction" test. *People v White,* 390 Mich 245; 212 NW2d 222 (1973). Our original opinion is, therefore, erroneous to the extent that it failed to analyze defendant's double jeopardy argument in terms of the more expansive "same transaction" rule.

Having carefully reviewed the facts, we must conclude that, under the "same transaction" test, the prosecution of the defendant in Livingston County for assault with intent to rape after his acquittal in Genesee County on the charge of kidnapping violated the double jeopardy provisions of the state and Federal constitutions. As in *White, supra,* 259, there can be no doubt that both crimes were "part of a single criminal transaction". Further, "the crimes were committed in a continuous time sequence and display a single intent and goal—sexual intercourse with the complainant".

Conviction reversed.

All concurred.