PEOPLE v RILEY WILLIAMS

1. WITNESSES—CRIMINAL LAW—PROSECUTING ATTORNEYS—INDORSED WITNESSES—PRODUCTION OF WITNESSES—DUE DILIGENCE.

   A trial court's finding of due diligence in an attempt by the prosecutor to obtain the presence in court of a witness indorsed upon the information was not an abuse of discretion where a subpoena was issued and placed in the hands of the serving officer for service, where a proof of service was filed and no irregularity appears upon the face of the return, and where there was nothing to alert either the officer or the prosecutor of any existing infirmity which might require the exercise of further action to insure the presence of the witness at trial but where when the party served was produced at trial it developed that he was the wrong party and that the witness sought was a person by the same name who by coincidence lived at the same address as the party served; due diligence in law means doing everything reasonable, not everything possible.

2. WITNESSES—CRIMINAL LAW—PROSECUTING ATTORNEYS—INDORSED WITNESSES—PRODUCTION OF WITNESSES—DUE DILIGENCE.

   Due diligence in an attempt by the prosecutor to obtain the presence in court of an indorsed witness may be found where the prosecutor has done everything reasonable to produce the witness, and where only on the date of the trial does it appear that the witness is not available.

3. APPEAL AND ERROR—CRIMINAL LAW—WITNESSES—ABSENCE OF INDORSED WITNESS—CLAIM OF SURPRISE—CONTINUANCES—PRESERVING QUESTION.

   No error was saved for appeal by a defense counsel where both counsel and the prosecutor were surprised by the absence at trial of a witness indorsed upon the information and where counsel made no motion for a continuance in order that further

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 21 Am Jur 2d, Criminal Law § 251.
  58 Am Jur, Witnesses §§ 3, 8.
[3] 4 Am Jur 2d, Appeal and Error §§ 498, 615.
  17 Am Jur 2d, Continuance §§ 3, 4, 27–32, 42.

opportunity might be given to ascertain the whereabouts of the witness and thereby perhaps produce him at trial.

4. WITNESSES—CRIMINAL LAW—INDORSED WITNESSES—RES GESTAE WITNESSES—FAILURE TO PRODUCE—APPEAL AND ERROR—SUBSTANTIAL JUSTICE.

A defendant was not deprived of substantial justice even though a witness indorsed upon the information was not produced where the evidence of the defendant's guilt was overwhelming, where the prosecution presented numerous disinterested res gestae witnesses, and where it is extremely unlikely that the testimony of the witness indorsed would have changed the result even if he had appeared and testified in favor of the defendant.

Appeal from Van Buren, David Anderson, Jr., J. Submitted Division 3 November 13, 1974, at Grand Rapids. (Docket No. 18426.) Decided December 5, 1974.

Riley R. Williams was convicted of obstructing, opposing, resisting, and assaulting a police officer. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William C. Buhl,* Prosecuting Attorney, and *Richard L. Halpert,* Chief Assistant Prosecutor, for the people.

*Marc L. Goldman,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and R. B. BURNS and CARLAND,* JJ.

CARLAND, J. Riley Roger Williams was convicted in a jury trial of obstructing, opposing, resisting and assaulting a police officer, MCLA 750.479;

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

MSA 28.747. Defendant denies the commission of the offense and appeals as a matter of right.

Endorsed on the information was the name of one James Williams. A subpoena was served on a James Williams at the correct address. By an unusual coincidence, two persons by the name of James Williams lived at that address. The James Williams upon whom the subpoena was served appeared at the trial and only upon being called to testify did it become apparent that the wrong person had been served. To compound the difficulty in which the prosecutor found himself, it appeared that the James Williams sought as a witness had left the state and was last heard of in Chicago, possibly even in jail. The defense counsel moved for a dismissal.

We need not concern ourselves as to the question of whether the endorsed witness was in fact a res gestae witness. He was endorsed upon the information and the prosecutor was bound to produce him, unless he was excused from doing so.

The trial court ruled due diligence had been exercised by the prosecutor in an attempt to obtain the presence of the real James Williams in court and therefore denied the motion to dismiss.

We thus address ourselves to the question of due diligence. A subpoena was issued and placed in the hands of the officer for service. A proof of service was filed and no irregularity appears upon the face of the return. There was nothing to alert either the officer or the prosecutor of any existing infirmity which might require the exercise of further action to insure the presence of the witness at trial. The fact remains, however, that no service was actually had on the endorsed witness. While it is true that due diligence may not be shown through the mere issuance of subpoena, in this

case it would seem that the People took further steps through their attempt to serve the person whose name was endorsed on the information and had done all that should be required of them to do in the light of attendant circumstances.

"Due diligence in law means doing everything reasonable, not everything possible." *State v Scott,* 110 La 369, 375; 34 So 479 (1903).

Citing *Thomas v People,* 39 Mich 309, 312 (1878), as authority, the Court in *People v O'Dell,* 10 Mich App 87, 94; 158 NW2d 805 (1968), held that "[M]ere service of a subpoena does not constitute due diligence". In Thomas, supra, the witness was subpoenaed but did not appear, but there was no showing that he was not available, and the Court then said, "No effort seems then to have been made to produce him, and no impediment to doing so is shown". This seems a far cry from that which is claimed by the defendant in the case at bar. In the instant case, it would seem that the prosecutor had done everything reasonable and only on the date of the trial did it appear that the witness was not available.

Although the defense counsel claimed surprise by the absence of the witness, he was no more surprised than was the prosecution. However, no motion for a continuance was made in order that further opportunity might be given to ascertain the whereabouts of the witness and thereby perhaps produce him at the trial. Lacking such a motion, no error was saved for appeal, *People v Gibson,* 253 Mich 476; 235 NW 225 (1931); *People v Tiner,* 17 Mich App 18; 168 NW2d 911 (1969). We find no abuse of discretion by the trial court in the finding of due diligence.

Since the evidence of the defendant's guilt is

overwhelming and since the prosecution did present numerous disinterested res gestae witnesses, this Court will not reverse a trial court unless we are convinced that there was error committed which deprived the defendant of substantial justice. We find no such error here. Even had the witness sought by the subpoena in question appeared and testified in favor of the defendant, it is extremely unlikely that his testimony would have changed the result.

Since the filing of his original brief, the defendant now raises the issue of the constitutionality of those sections of the 1968 amendment (1968 PA 154) to the Revised Judicature Act which purported to bestow criminal jurisdiction on district courts. Since this issue will be disposed of by the decision in *People v Edgar Milton,* No. 55466, now pending before the Supreme Court,[1] we decline to rule upon this question here presented.

We have carefully reviewed the other claims of the defendant and find them to be without merit.

Affirmed.

All concurred.

---

[1] Decided December 19, 1974, 393 Mich 234, 224 NW2d 266 (1974).—REPORTER