PEOPLE v TEAGUE

1. CRIMINAL LAW—PLEA OF GUILTY—HIGHER OFFENSE—LESSER OF-
FENSE—CASE LAW—RETROACTIVITY.

A decision of the Supreme Court that it is contrary to public
policy to allow a defendant to be retried on a charge of a
higher offense after his guilty plea to a lesser offense has been
set aside is not retroactive.

2. CRIMINAL LAW—JUDGES—DISQUALIFICATION—PREJUDICE—BIAS.

A showing of prejudice or personal bias is required before a
conviction will be reversed on the ground that the trial judge
failed to disqualify himself from presiding at the trial.

3. APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRESERVING QUESTION
—COURT RULE.

The Court of Appeals will not consider an assertion of error in
the trial court's instructions to the jury where no objection to
the instruction was raised at trial (GCR 1963, 516.2).

4. CRIMINAL LAW—CONSTITUTIONAL LAW—STATUTES—MISDEMEANORS
—FELONIES—DOUBLE JEOPARDY—SEPARATE TRANSACTIONS.

A defendant who pled guilty to a misdemeanor charge and was
later prosecuted and convicted on a felony charge was not
placed twice in jeopardy contrary to statute and the double
jeopardy provisions of the state and federal constitutions where
the two criminal offenses arose out of separate criminal trans-
actions (US Const Am V; Const 1963, art 1, § 15; MCLA 768.4).

Appeal from Van Buren, David Anderson, Jr., J.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 185–187, 189, 212, 494–496.
Conviction of lesser offense as bar to prosecution for greater on new
trial. 61 ALR2d 1141.
[2] 46 Am Jur 2d, Judges § 166 et seq.
[3] 5 Am Jur 2d, Appeal and Error § 545.
75 Am Jur 2d, Trial § 906.
[4] 21 Am Jur 2d, Criminal Law § 166.

Submitted Division 3 June 12, 1974, at Lansing. (Docket No. 17346.) Decided January 6, 1975.

Ben H. Teague was convicted of breaking and entering an occupied building with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William C. Buhl,* Prosecuting Attorney, for the people.

*Stuart M. Israel,* Assistant State Appellate Defender, for defendant.

Before: QUINN, P. J., and V. J. BRENNAN and CARLAND,* JJ.

V. J. BRENNAN, J. Defendant, Ben Harold Teague, was convicted by a jury in Van Buren County Circuit Court of breaking and entering an occupied dwelling with the intent to commit a larceny therein. MCLA 750.110; MSA 28.305. He was sentenced to from 10 to 15 years in prison and now appeals raising several issues for our consideration.

Defendant first contends that his conviction for violation of MCLA 750.110; MSA 28.305 must be set aside because it violates his right not to be placed twice in jeopardy for the same offense guaranteed by the Fifth Amendment to the United States Constitution and because his conviction is contrary to the public policy of this state as expressed in *People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973). This we are unable to do. The double jeopardy arguments here presented were rejected by our Supreme Court in *People v Mc-*

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*Miller, supra.* Our Supreme Court did find, though, that to allow a defendant to be retried on a higher charge after his guilty plea to a lesser offense has been set aside would be contrary to the public policy of this state. This decision, however, has been held not to be retroactive. *People v Potts,* 55 Mich App 622; 223 NW2d 96 (1974), *People v McGreevy,* 52 Mich App 52; 216 NW2d 623 (1974). But see *People v Goins,* 54 Mich App 456; 221 NW2d 187 (1974). We agree with this determination and therefore refuse to reverse defendant's conviction since it was obtained prior to the decisional date of *McMiller, supra.*

Defendant next argues that the trial judge erred reversibly in failing to disqualify himself from presiding at trial. We find no error as there is no showing of the prejudice or personal bias required for reversal on this ground. *People v Cavataio,* 34 Mich App 126; 190 NW2d 718 (1971), *lv den,* 386 Mich 779 (1971).

Defendant also asserts that the trial judge erred in his instructions to the jury. Since no objection was raised to the complained of instruction at trial, we refuse to consider it on this appeal. GCR 1963, 516.2.

The prosecution, by motion filed, has asked this Court to strike defendant's remaining issue and to strike the appendix to defendant's brief. This motion is hereby denied for the reason that the issue involves a serious constitutional question which was consistently raised throughout the proceedings below.

Defendant lastly argues that his conviction must be reversed because it is contrary to MCLA 768.4; MSA 28.1027 and violates his rights under the double jeopardy provisions of the state and federal constitutions as enunciated in *People v White,* 390

Mich 245; 212 NW2d 222 (1973). We disagree. By its own terms, *People v White, supra,* was limited to its own facts and to "similar factual situations"[1]. A close examination of the facts in the instant case shows that this is not the type of situation *White* was designed to guard against. What we have here is a defendant who has been convicted of two criminal offenses arising out of separate criminal transactions. See *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). The rationale of *White,* therefore, does not apply. Defendant here is attempting to hide behind his earlier plea to a misdemeanor charge to avoid prosecution on the felony charge. We do not believe *White* was intended to encompass this type of situation. We find no error.

We have also considered defendant's arguments under MCLA 768.4; MSA 28.1027 and find them to be without merit.

Lastly, by way of supplemental brief, defendant seeks to raise an additional argument. The issue has been decided adversely to defendant's position by our Supreme Court in the case of *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974). See *People v Williams,* 57 Mich App 199, 225 NW2d 691 (1974).

Conviction affirmed.

All concurred.

---

[1] *People v White,* 390 Mich 245, 258 n 6; 212 NW2d 222, 227 (1973).