## PEOPLE v CHARLES JOHNSON

1. CONSTITUTIONAL LAW—CRIMINAL LAW—DOUBLE JEOPARDY—PRE-
SERVING QUESTION.

    A claim of double jeopardy is waived if not raised before or
    during trial (US Const, Am V; Const 1963, art 1, § 15).

2. CONSTITUTIONAL LAW—CRIMINAL LAW—DOUBLE JEOPARDY—SAME
TRANSACTION TEST—ELEMENTS.

    The same transaction test, which is to be applied when examin-
    ing a claim of double jeopardy, consists of two elements;
    whether the crimes were committed in a continuous time
    sequence, and whether the crimes display a single intent and
    goal; defendant must support his claim under the same transac-
    tion test by demonstrating a direct factual connection between
    the crimes charged, not mere temporal happenstance.

3. CRIMINAL LAW—DOUBLE JEOPARDY—ONE OBJECTIVE—SEVERAL
CRIMES.

    Only one prosecution may be brought against a defendant who
    has one objective and commits several crimes in preparing for
    and attaining that objective.

4. CRIMINAL LAW—MULTIPLE OFFENSES—SAME TRANSACTION TEST—
SEPARATE TRANSACTIONS.

    The same transaction test was not intended to overturn the
    conviction of a defendant who was convicted of two criminal
    offenses arising out of separate criminal transactions.

5. CONSTITUTIONAL LAW—CRIMINAL LAW—DOUBLE JEOPARDY—SUBSE-
QUENT OFFENSES—LICENSE—PRIOR OFFENSE—EXCUSE.

    The double jeopardy clause does not license subsequent offenses
    growing out of a prior offense or excuse the prior offense upon
    trial for one or another of the subsequent offenses.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[2–7] 21 Am Jur 2d, Criminal Law §§ 182–184, 188, 189.
[3] 21 Am Jur 2d, Criminal Law §§ 182–184, 188, 189.

Due process as violated by successive state criminal trials for single
offense or for multiple offenses of the same character, committed
simultaneously—Supreme Court cases. 2 L Ed 2d 2020.

6. CRIMINAL LAW—SAME TRANSACTION TEST—INTERRELATED CRIMES—
   UNITARY EPISODE—ONGOING NATURE—SAME TIME—SAME PUR-
   POSE.

   Separate criminal prosecutions against a defendant are barred by
   the double jeopardy clause, under the same transaction test,
   where the crimes are so interrelated that they comprise an
   essentially unitary criminal episode, and at least one of them is
   of an ongoing nature such that all of the offenses are commit-
   ted at the same time to achieve a single purpose.

7. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY—PRISON
   ESCAPE—ASSAULT—CONTINUOUS TRANSACTION—INDEPENDENT
   ACT.

   A defendant who pled guilty to prison escape, and later to assault
   with intent to commit a felony, was not placed in double
   jeopardy where, although the crimes were committed on the
   same day, they were not part of one long continuous transac-
   tion, the assault was an independent act intended to allow the
   defendant to elude capture and the assault occurred after the
   prison escape was a completed act.

Appeal from Livingston, Paul R. Mahinske, J.
Submitted Division 2 May 8, 1975, at Lansing.
(Docket No. 19594.) Decided June 23, 1975.

Charles E. Johnson was convicted, on his plea of
guilty, of assault with intent to commit a felony.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Thomas Kizer, Jr.,*
Prosecuting Attorney (Prosecuting Attorneys Ap-
pellate Service, *Edward R. Wilson,* Director, by
*Lee W. Atkinson,* Special Assistant Attorney Gen-
eral), for the people.

*Muller, Holmes, Muller & Smith,* for defendant.

Before: DANHOF, P. J., and J. H. GILLIS and R. M.
MAHER, JJ.

Danhof, P. J. Defendant pled guilty to a charge of assault with intent to commit a felony, MCLA 750.87; MSA 28.282. He was sentenced to 5 to 10 years in prison, and he appeals raising one issue. We affirm.

On September 11, 1971, the defendant escaped from the Southern Michigan State Prison at Jackson where he was serving a sentence for a previous felony conviction. He proceeded to Livingston County in the company of a fellow escapee where they encountered a woman in a service station. They forced her at knife point to accompany them while they drove to Detroit in her car. During the ride, the young woman was able to drop a note from the car; the state police were alerted and the defendant and his associate were arrested.

On January 27, 1972, the defendant pled guilty to a charge of prison escape, MCLA 750.193; MSA 28.390, in Jackson County Circuit Court. He was sentenced to a term of from 1 to 5 years in prison. He was also charged with kidnapping, MCLA 750.349; MSA 28.581, and armed robbery, MCLA 750.529; MSA 28.797, in Livingston County. Some uncertainty concerning the proper forum in which to bring these charges was resolved by this Court in *People v Riley,* 45 Mich App 338; 206 NW2d 458 (1973).

Thereafter, on June 19, 1973, defendant was allowed to plead guilty in Livingston County Circuit Court to an added count of assault with intent to commit a felony. The kidnapping and armed robbery charges were dismissed. Defendant filed a motion to set aside the plea arguing for the first time that further prosecution following his prison escape conviction was barred by the double jeopardy provisions of the Federal and Michigan Constitutions, US Const, Am V; Const 1963, art 1, § 15.

The double jeopardy assertion was not made before or at the plea-taking proceeding. The Michigan Supreme Court has held that a claim of double jeopardy is waived if not raised before or during trial. *People v Powers,* 272 Mich 303; 261 NW 543 (1935), *People v McDonald,* 306 Mich 65; 10 NW2d 309 (1943), cited in *People v Cooper,* 58 Mich App 284, 290; 227 NW2d 319 (1975). Additionally, it appears that the defendant offered to plead guilty at a time when all charges were pending, and that he therefore waived his right to a single trial. See *People v Goans,* 59 Mich App 294; 229 NW2d 422 (1975). Nevertheless, to avoid further uncertainty in the present case, we will evaluate the defendant's double jeopardy claim in light of the same transaction test.

The Michigan Supreme Court in *People v White,* 390 Mich 245; 212 NW2d 222 (1973), adopted the same transaction test as the required standard to be applied when examining a claim of double jeopardy. As seen by our Supreme Court, the same transaction test consists of two elements; it must appear that "the crimes were committed in a continuous time sequence", and they must "display a single intent and goal". *People v White, supra,* 390 Mich at 259.

In *White,* the defendant was convicted of kidnapping following a jury trial in Wayne County Circuit Court, and subsequently was convicted of rape and felonious assault in Detroit Recorder's Court. The Supreme Court held that the second trial was improper and reversed the rape and felonious assault convictions because the crimes "were all part of a single criminal transaction" and that they shared a common objective, "sexual intercourse with the complainant".

Decisions of this Court applying the *White* same

transaction test have also required the close, unified purpose relationship between the crimes, and have demanded that the defendant support his double jeopardy claim by demonstrating a direct factual connection, not mere temporal happenstance. For example, in *People v Rolston,* 51 Mich App 146; 214 NW2d 894 (1974), *lv den,* 392 Mich 762 (1974), a barmaid was kidnapped and robbed in Wayne County and taken to Washtenaw County where she was raped and murdered. Defendant was convicted of murder in Washtenaw County and later tried and convicted of kidnapping in Wayne County. On appeal, the kidnapping conviction was reversed in an opinion which acknowledged the then very recent Supreme Court decision in *White,* and which restated the standard as found in the opinion of this Court in *People v White,* 41 Mich App 370; 200 NW2d 326 (1972). "It was held in *White* that where a defendant has one objective and commits several crimes in preparing for and attaining that objective, only one prosecution may be brought."

Again, the closely related crimes of kidnapping and rape were considered in conjunction with the double jeopardy test in *People v Joines,* 55 Mich App 334; 222 NW2d 230 (1974). The defendant there had been acquitted on a charge of kidnapping in Genesee County. He was thereafter convicted of assault with intent to rape in Livingston County. The later conviction was reversed by this Court which concluded that as in *White,* both crimes were part of one criminal transaction, committed in a continuous time sequence and with the single intent and goal of sexual intercourse with the complainant.

Another group of cases in which application of the same transaction test required reversal of

subsequent convictions involved less serious of-
fenses. The defendant in *People v Davenport* (On
Remand), 51 Mich App 484; 215 NW2d 702 (1974),
*lv den,* 392 Mich 761 (1974), offered resistance
when an officer attempted to arrest him for being
a disorderly person. He was acquitted on a disor-
derly person charge, but later he was tried and
convicted of resisting arrest. This conviction was
reversed upon application of the *White* rule:

> "As in *People v White, supra,* the two crimes with
> which defendant was charged were committed, if com-
> mitted at all, in a continuous time sequence and in
> pursuit of a single intent or goal. When a police officer
> stopped defendant for a traffic infraction, defendant
> allegedly refused to cooperate with him and directed
> obscene epithets at him, and then, when the officer
> attempted to arrest defendant because of those epithets,
> defendant refused to submit peacefully. The continuous-
> ness of the time sequence is obvious. The unity of intent
> is also readily apparent—a refusal to submit to a police
> officer's authority." 51 Mich App at 486.

Quoting the statement of the standard from
*Davenport,* this Court in *People v West,* 54 Mich
App 527; 221 NW2d 179 (1974), ruled that a mo-
tion to quash a resisting arrest charge should have
been granted where the defendant had entered a
plea of nolo contendere to a charge of being a
disorderly person. Even though this case involved
a plea, the Court found that the presence of the
dual elements of a continuous time sequence and
the unity of intent brought the case within the
*White* rule as applied in *Davenport.*

In contrast to the result reached in these deci-
sions, the *White* double jeopardy test has been
discussed in numerous other cases wherein the
test was not satisfied. Following an acquittal on a
charge of possession of heroin in Federal court, the

defendant in *People v Martin,* 53 Mich App 321; 220 NW2d 186 (1974), was tried and convicted on a similar charge in Detroit Recorder's Court. He appealed arguing that the second trial constituted a double jeopardy violation. This argument was rejected, and the conviction was affirmed. The Court stated:

"While this case is one requiring application of the same-transaction test, it is clear, nonetheless, that defendant could be tried and convicted in Detroit Recorder's Court. His trial in that court was predicated upon evidence and testimony obtained prior to his arrest, and subsequent acquittal, on Federal charges. The fact that both acts occurred the same day does not make the defendant's possession one long continuous transaction." 53 Mich App at 322, 323.

A sale of heroin was made to the same police agent by the defendant on two occasions in *People v Martinez,* 58 Mich App 693; 228 NW2d 523 (1975). Defendant was convicted following a trial of possession of heroin for the first sale, and he pled guilty to the same charge resulting from the second delivery. On appeal, he argued that the double jeopardy provision required that both sales be viewed as a single transaction. The Court declined to accept this argument:

"The deliveries of heroin in the instant case were made to the same agent during the course of a continuous undercover investigation. But these facts alone do not relate the events intimately enough so as to characterize them as being a part of a single transaction under the test adopted in *People v White.* Nine days separated the two sales in the instant case; the amounts involved were substantially different; and the record does not disclose any connection between them, such as an agreement after the first delivery to return for another sale.

"We hold that the two deliveries therefore constituted separate transactions and that the defendant's plea-based conviction for the second delivery did not place him twice in jeopardy. *People v White, supra.*" 58 Mich App at 695.

In *People v Teague,* 57 Mich App 347, 350; 225 NW2d 761 (1975), the defendant was convicted of breaking and entering with intent to commit a larceny after he had pled guilty to an unspecified, related misdemeanor. His double jeopardy contention, relying on *People v White, supra,* was answered on appeal to this Court by the observation that *White* was not intended to apply to those facts because the defendant had "been convicted of two criminal offenses arising out of separate criminal transactions".

Finally, without mention of its decision in *White,* the Supreme Court in *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), applied the same transaction test to refute defendant's double jeopardy claim. During an attempt to rob a bar, the defendant stole a credit card from a vending machine attendant. He pled guilty to the offense of attempted unlawful possession of a credit card, and was later also convicted after a bench trial of assault with intent to rob being armed. While reversing the conviction on other grounds, the Supreme Court addressed itself to the defendant's double jeopardy argument. Pointing out in a footnote that the defendant "was arrested when he attempted to use the credit card to make a purchase three hours after the attempted robbery at the bar" the Court concluded:

"Although the attempted unlawful possession of a credit card charge grew out of the assault with intent to rob charge, in the sense that the credit card was taken

from the vending machine operator, the assault with intent to rob and the attempted possession of a credit card were separate transactions. The Double Jeopardy Clause does not license subsequent offenses growing out of a theft or excuse the theft upon trial for one or another offense." 391 Mich at 342.

An analysis of the factual circumstances surrounding the reported cases which have applied the *White* same transaction test establishes that the appellate courts of this state have required a very close connection between the crimes. The crimes must be so interrelated that they comprise an "essentially unitary criminal episode". At least one of the crimes must be of an ongoing nature such that all of the offenses are committed at the same time to achieve a single purpose.

In the present case, the first element of the *White* same transaction test, that the crimes "were committed in a continuous time sequence", may appear to be met because both offenses occurred on the same day. However, that fact alone does not make the offenses one long continuous transaction. *People v Martin, supra.* Furthermore, the crime of prison escape was completed at the time that the defendant did "leave said prison without being discharged". MCLA 750.193; MSA 28.390.

The second element, that the crimes "display a single intent and goal", is not satisfied. The defendant could not have assaulted the victim with the same intent and goal that he had when escaping prison. The prison escape was a completed act. The assault was an independent act intended to allow the defendant to elude capture. As such, while the assault was made possible by the escape, the assault was a separate transaction. To paraphrase the concluding remarks of the Supreme

Court in *People v Jackson, supra,* 391 Mich at 342, the double jeopardy clause does not license subsequent offenses growing out of a prison escape or excuse the escape upon trial of one or another offense.

Affirmed.