## PEOPLE v RAINES

CRIMINAL LAW—CONSTITUTIONAL LAW—POSSESSION OF METALLIC
    KNUCKLES—POSSESSION OF MARIJUANA—DOUBLE JEOPARDY—
    SAME TRANSACTION.

> Continued prosecution of a defendant for possession of metallic
> knuckles following the defendant's plea of guilty to a charge of
> possession of marijuana does not infringe upon the defendant's
> double jeopardy rights where the two offenses are not part of
> the same transaction because they do not display a single
> intent and goal.

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted April 14, 1976, at Detroit. (Docket No. 24062.) Decided June 1, 1976.

Frank S. Raines was charged with possession of metallic knuckles. Defendant's motion to quash the information was granted. The prosecution appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Robert W. Horn,* Assistant Prosecuting Attorney, for the people.

*Howard S. Siegrist,* for defendant.

Before: D. E. HOLBROOK, P. J., and BRONSON and D. C. RILEY, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 183, 184.

PER CURIAM. The prosecutor appeals the Wayne County Circuit Court's order quashing the information charging defendant with possession of metallic knuckles contrary to MCLA 750.224; MSA 28.421. The court quashed the indictment after concluding that prosecution for the offense was barred by the double jeopardy provisions of the United States and Michigan Constitutions, US Const Am V; Const 1963, art 1, § 15.

Defendant was arrested in his home August 15, 1974, for the sale of marijuana. Later the same day, police secured a search warrant permitting them to search the house for narcotics, and narcotics paraphernalia. While conducting the search, police discovered eight sets of metallic knuckles in an upstairs closet.

The prosecutor brought two separate charges against defendant and did not consolidate the charges. Defendant pled guilty to possession of marijuana, MCLA 335.341(4)(d); MSA 18.1070(41)(4)(d), prior to the completion of the preliminary examination on the metallic knuckles offense. Defendant then sought and was granted an order quashing the metallic knuckles charge.

We believe that the trial judge erred in quashing the information. Defendant's double jeopardy rights were not infringed by the continued prosecution for possession of metallic knuckles following his plea of guilty to possession of marijuana. The two offenses are not part of the same transaction because they do not "display a single intent and goal". *People v White,* 390 Mich 245, 259; 212 NW2d 222 (1973).

We fail to see, on the facts before us, how a single purpose, intent or goal is achieved by possessing eight sets of metallic knuckles and by also possessing marijuana. There is no hint at all that

the knuckles were employed to boost sales of marijuana or to heighten the pleasure of possession. The two offenses simply do not arise out of the same transaction. *Accord, People v Robertson,* 67 Mich App 603; 242 NW2d 24 (1976), and *People v Charles Johnson,* 62 Mich App 240; 233 NW2d 246 (1975).

Accordingly, we reverse the order quashing the information. The defendant is free to renew his motion to suppress the evidence, a motion we are presently unable to consider absent a trial court ruling. See *People v Iverson,* 34 Mich App 519, 526; 191 NW2d 745 (1971).

Reversed and remanded.