PEOPLE v DAVENPORT (ON REMAND)

1. CRIMINAL LAW—MULTIPLE CRIMES—SAME TRANSACTION—DOUBLE JEOPARDY.

The prosecution was barred from trying a defendant on a charge of resisting arrest in circuit court after the defendant had been acquitted on a disorderly person charge in district court where the two crimes were committed, if at all, in a continuous time sequence and in pursuit of a single intent or goal because the procedural rules allocating jurisdiction to try offenses between the several courts of the state must be subordinated to a defendant's constitutional right not to be put twice in jeopardy for the same offense (MCLA 600.601, 600.8311[6]).

2. CRIMINAL LAW—MULTIPLE CRIMES—JURISDICTION—SAME TRANSACTION—DOUBLE JEOPARDY.

The conflict between the protection against double jeopardy and the allocation of jurisdiction among the district and circuit courts in cases involving multiple crimes arising out of the same transaction can be resolved by authorizing one of those courts to try all charges, misdemeanors and felonies, in such a case, but such a grant of authority may be made only by the Legislature or the Supreme Court, and until either or both of these bodies act, prosecutors, when confronted with such a case, must elect which charge to pursue (Const 1963, art 6, § 13).

Appeal from Ingham, Jack W. Warren, J. Submitted Division 2 December 5, 1972, at Lansing. (Docket No. 14213.) Decided March 1, 1974. Leave to appeal denied, 392 Mich —.

Theodore Davenport was convicted of resisting arrest. Defendant appealed. Affirmed, 46 Mich App 579. Defendant appealed to the Michigan Supreme Court which remanded the case to the Court of Appeals, 390 Mich 809. Reversed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 168, 171, 210.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*H. James Starr,* for defendant.

Before: BRONSON, P. J., and R. B. BURNS and DANHOF, JJ.

## ON REMAND

R. B. BURNS, J. When a Lansing police officer attempted to arrest defendant for the ordinance violation of being a disorderly person by uttering obscene words in public, Lansing ordinances, ch 22, § 22-13(7), defendant resisted. A district court jury acquitted defendant of the charge of being a disorderly person. Some months later a circuit court jury convicted defendant of the felony of resisting arrest, MCLA 750.479; MSA 28.747. Defendant timely appealed that conviction, and we affirmed over the dissent of Judge BRONSON. 46 Mich App 579; 208 NW2d 562 (1973). Now, the case has been remanded to us by the Supreme Court, 390 Mich 809 (1973), for reconsideration in light of *People v White,* 390 Mich 245; 212 NW2d 222 (1973). We reverse our original decision in this case, and order defendant discharged.

In *People v White,* 390 Mich at 257–258; 212 NW2d at 227, our Supreme Court adopted the "same transaction" test as the "only meaningful approach to the constitutional protection against being placed twice in jeopardy". The Court also observed that "[a] procedural rule allocating jurisdiction to try offenses between the several courts of the state must be subordinated to a defendant's constitutional right not to be put twice in jeopardy

for the same offense". *People v White,* 390 Mich at 260, fn 10; 212 NW2d at 229, fn 10.

As in *People v White, supra,* the two crimes with which defendant was charged were committed, if committed at all, in a continuous time sequence and in pursuit of a single intent or goal. When a police officer stopped defendant for a traffic infraction, defendant allegedly refused to cooperate with him and directed obscene epithets at him, and then, when the officer attempted to arrest defendant because of those epithets, defendant refused to submit peacefully. The continuousness of the time sequence is obvious. The unity of intent is also readily apparent—a refusal to submit to a police officer's authority.

Unlike *White,* this case does involve a conflict between the Legislature's allocation of jurisdiction to the courts of this state and defendant's right against double jeopardy when interpreted in terms of the same transaction test. The charge of being a disorderly person, because of a municipal ordinance violation, could be tried only in a district court, MCLA 600.8311(b); MSA 27A.8311(b), while the charge of resisting arrest, because it is a felony, could be tried only in a circuit court, MCLA 600.601; MSA 27A.601. However, that allocation of jurisdiction cannot defeat defendant's right against double jeopardy. Admittedly, the Supreme Court's holding to that effect is dictum, and was expressly recognized as such by the Court. Nonetheless, because of the clarity and force with which the Court made the point, we cannot ignore that holding, and must conclude that the Court intended to overrule *People v Townsend,* 214 Mich 267, 275; 183 NW 177, 180 (1921), as well as *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972).

The conflict between the protection against double jeopardy and the allocation of jurisdiction among the district and circuit courts can be resolved by authorizing one of those courts, probably the circuit court, to try all charges, misdemeanors and felonies, in cases such as the instant one. However, a grant of such authority may be made only by the Legislature or the Supreme Court. Const 1963, art 6, § 13. Until either or both of those bodies act, prosecutors must, when confronted with a case such as this one, elect which charge to pursue.

Reversed. The defendant is ordered discharged.

All concurred.