Argued April 17, affirmed April 29, 1974

STATE OF OREGON, *Appellant, v.* MICHAEL
HARRISON JOHNSON (No. 73 1589),
*Respondent.*

521 P2d 1316

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before SCHWAB, Chief Judge, and THORNTON and TANZER, Judges.

PER CURIAM.

The state appeals from an order sustaining defendant's plea of former jeopardy on a charge of criminal activity in drugs based upon defendant's prior plea of guilty to a charge of criminal drug promotion.

On April 8, 1973, a police officer entered a residence in Springfield, Oregon, and arrested a man named Rynearson for criminal activity in drugs. Defendant was present at that time and by reason of this was arrested and charged with criminal drug promotion. Defendant was found to have drugs on his person and was separately charged with the additional crime of criminal activity in drugs.

Defendant, at a time when the prosecutor had all the relevant facts in his possession, pleaded guilty to the charge of criminal drug promotion. The trial judge correctly held that under these circumstances the defendant could not thereafter be prosecuted on the criminal-activity-in-drugs charge. *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972), holds that under Art I, § 12, Oregon Constitution:[1]

"* * * a second prosecution is for the 'same offense' and is prohibited if (1) the charges arise out of the same act or transaction, and (2) the charges could have been tried in the same court, and (3) the prosecutor knew or reasonably should have known of the facts relevant to the second

---

[1] "No person shall be put in jeopardy twice for the same offence (sic), nor be compelled in any criminal prosecution to testify against himself." Art I, § 12, Oregon Constitution.

charge at the time of the original prosecution." 262 Or at 458.

*See also, State v. Fitzgerald,* 267 Or 266, 516 P2d 1280 (1973).

Affirmed.