PEOPLE v WEST

1. CRIMINAL LAW—DOUBLE JEOPARDY—SAME TRANSACTION.

   A defendant who pleaded nolo contendere to a disorderly person charge under a city ordinance cannot later be tried on the charge of resisting arrest where both charges resulted from the same transaction; to do so would place the defendant in jeopardy twice for the same act.

2. CRIMINAL LAW—SAME TRANSACTION—CONTINUOUS TIME SEQUENCE —UNITY OF INTENT.

   Two crimes with which a defendant was charged arose from the same transaction where a defendant directed profane language at a police officer who was questioning him in regard to a traffic accident, and then when the officer arrested him for disorderly conduct in violation of a city ordinance, he refused to submit peacefully and was later charged with resisting and obstructing an officer in discharge of his duty; the crimes charged were committed in a continuous time sequence and there was unity of intent in the defendant's refusal to submit to the police officer's authority.

3. CRIMINAL LAW—DOUBLE JEOPARDY—SAME TRANSACTION—JURISDIC- TION—PROSECUTOR'S ELECTION.

   The allocation of jurisdiction among separate courts cannot defeat a defendant's right against double jeopardy; thus in a case where a defendant is charged with two crimes arising from the same transaction, one of which must be tried in the district court and the other in the circuit court, the prosecutor must elect which charge to pursue.

Appeal from Oakland, Richard D. Kuhn, J. Submitted Division 2 May 13, 1974, at Lansing. (Docket No. 17069.) Decided July 25, 1974.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 21 Am Jur 2d, Criminal Law §§ 183–187, 189, 212.
   Conviction of lesser offense as bar to prosecution for greater or new trial. 61 ALR2d 1141.
[2] 21 Am Jur 2d, Criminal Law § 183.

James West was charged with resisting arrest. Motion to quash the information denied. Defendant appeals by leave granted. Defendant ordered discharged.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Robert C. Williams,* Chief Appellate Counsel, for the people.

*Campbell, Lee, Kurzman & Leitman* (by *Gerald A. Fisher),* for defendant.

Before: DANHOF, P. J., and T. M. BURNS and CARLAND,* JJ.

PER CURIAM. While being arrested for violation of the Pontiac disorderly person ordinance, Pontiac Ordinances, No. 728, § 1, the defendant resisted arrest. On December 20, 1972, a district court judge accepted the defendant's plea of nolo contendere to the charge of disorderly creating a disturbance. Subsequent thereto, the plaintiff filed an information in Oakland County Circuit Court charging the defendant with resisting and obstructing an officer in the discharge of his duty, contrary to MCLA 750.479; MSA 28.747. Defendant moved to quash the information on the ground that he was being placed in jeopardy twice for the same act or offense. Following the trial court's denial of this motion, this Court granted defendant's application for leave to appeal prior to trial.

The specific issue raised by defendant on appeal has been recently considered by a panel of this Court in *People v Davenport (On Remand),* 51 Mich App 484; 215 NW2d 702(1974). In *Davenport,*

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

as in the instant case, a police officer attempted to arrest the defendant for the ordinance violation of being a disorderly person and the defendant resisted. He was acquitted by a district court jury of the disorderly person charge, but later convicted by a circuit court jury of resisting arrest. 'In reversing that conviction and ordering the defendant discharged, this Court stated at pp 485–486:

"In *People v White,* 390 Mich [245, 257–258; 212 NW2d 222, 227 (1973)], our Supreme Court adopted the 'same transaction' test as the 'only meaningful approach to the constitutional protection against being placed twice in jeopardy'. The Court also observed that 'a procedural rule allocating jurisdiction to try offenses between the several courts of the state must be subordinated to a defendant's constitutional right not to be put twice in jeopardy for the same offense'. (Citations omitted.)

"As in *People v White, supra,* the two crimes with which defendant was charged were committed, if committed at all, in a continuous time sequence and in pursuit of a single intent or goal. When a police officer stopped defendant for a traffic infraction, defendant allegedly refused to cooperate with him and directed obscene epithets at him, and then, when the officer attempted to arrest defendant because of those epithets, defendant refused to submit peacefully. The continuousness of the time sequence is obvious. The unity of intent is also readily apparent—a refusal to submit to a police officer's authority."

We note that *Davenport* is distinguishable factually from the case at bar, since in *Davenport* the defendant had been tried and acquitted of the first offense while in the instant case the defendant entered a plea of nolo contendere to the first offense. However, although there is a factual difference between the two cases, the principle announced in *Davenport* is nevertheless sound and in our opinion controlling and this conclusion com-

pels the dismissal of the charge of resisting arrest pending against the defendant.

As in *People v White, supra,* and *Davenport,* the two crimes with which defendant was charged were committed in a continuous time sequence, and plaintiff conceded in its brief and at oral argument that both charges arose out of the same transaction. When the police arrived at the scene of the accident and began questioning defendant, defendant became a disorderly person directing profane language at the officers. When defendant was being arrested for disorderly conduct, he also refused to submit peacefully. As in *Davenport,* the continuousness of the time sequence was obvious, and the unity of intent was also apparent—the defendant's refusal to submit to the police officers' authority.

We are aware that this case, like *Davenport,* involves a conflict between the allocation of jurisdiction to the district court where ordinance violations must be tried[1] and circuit court, which is vested with jurisdiction over the resisting arrest charge.[2] However, the allocation of jurisdiction cannot defeat the defendant's right against double jeopardy. *Davenport, supra.* We agree that resolution of this conflict is not within the powers of this Court. Therefore, until such time as this conflict is resolved by either the Legislature or the Supreme Court,[3] prosecutors must elect which charge to pursue when confronted with such a case.

[1] MCLA 600.8311(b); MSA 27A.8311(b)

[2] MCLA 600.601; MSA 27A.601

[3] As the *Davenport* Court noted, one way to resolve the conflict between the protection against double jeopardy and the allocation of jurisdiction among the district and circuit courts would be to authorize one of those courts to try all charges, misdemeanors and felonies, in cases such as this. But a grant of such authority may be made only by the Legislature or the Supreme Court. Const 1963, art 6, § 13.

The motion to quash should have been granted. The defendant is ordered discharged, and the charge pending against him dismissed.