## PEOPLE v KRETCHMER

1. Criminal Law—Double Jeopardy—Same Transaction—Resisting Arrest—Public Intoxication—Statutes.

   The double jeopardy clause of the Federal and state Constitutions bars a felony prosecution in circuit court for resisting a police officer where the defendant has already been tried in district court for violating an ordinance which prohibits public intoxication and where both of the charged offenses arose out of the same transaction (MCLA 750.479; MSA 28.747).

2. Criminal Law—Double Jeopardy—Courts—Jurisdiction—Felonies—Ordinance Violations.

   The allocation of jurisdiction over ordinance violations to the district court, and over felonies to the circuit court, cannot defeat a defendant's right to be free from double jeopardy.

3. Criminal Law—Constitutional Law—Double Jeopardy—Separate Sovereigns.

   A state and its municipalities are not separate sovereigns for purposes of the double jeopardy clause of the United States Constitution.

Appeal from Berrien, Julian Hughes, J. Submitted October 7, 1975, at Grand Rapids. (Docket No. 22609.) Decided January 7, 1976. Leave to appeal applied for.

Clarence L. Kretchmer, Jr., was charged with resisting a police officer in the discharge of his duty. Defendant moved to quash the information. Motion granted. The people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,*

Reference for Points in Headnotes
[1–3] 21 Am Jur 2d, Criminal Law § 182 *et seq.*

Prosecuting Attorney, and *John Jeffery Long,* Assistant Prosecuting Attorney, for the people.

*James K. Jesse,* for defendant.

Before: N. J. Kaufman, P. J., and R. B. Burns and G. R. Deneweth,* JJ.

N. J. Kaufman, J. Plaintiff appeals an order of the Berrien County Circuit Court which quashed an information against defendant. The information had charged defendant with resisting a police officer in the discharge of duty, MCLA 750.479; MSA 28.747. The court quashed the information because it found that a prosecution would place defendant in jeopardy twice for the same act.

On March 31, 1974, the Niles Township Police were summoned to a local tavern to investigate a disturbance. After seeing defendant at the heart of the disturbance, the officers attempted to arrest defendant for public intoxication, a violation of a Niles Township ordinance. At this time, defendant allegedly resisted the attempt to arrest him.

On August 13, 1974, the Berrien County District Court acquitted defendant of the public intoxication charge. The circuit court found that this trial prohibited the instant prosecution.

We find that the case of *People v White,* 390 Mich 245; 212 NW2d 222 (1973), as applied to the instant factual setting by *People v Davenport (On Remand),* 51 Mich App 484; 215 NW2d 702 (1974), *lv den* 392 Mich 761 (1974), and *People v West,* 54 Mich App 527; 221 NW2d 179 (1974), requires affirmance. In *White,* the Supreme Court adopted the "same transaction" test as the "only meaningful approach to the constitutional protection

---

* Circuit judge, sitting on the Court of Appeals by assignment.

against being placed twice in jeopardy". 390 Mich at 257–258.

In both *Davenport* and *West,* this Court held that a defendant who had been tried in district court for a violation of a disorderly person ordinance could not be tried in circuit court for having resisted the officer attempting to arrest him on the disorderly person violation. In *Davenport,* as here, defendant was acquitted of the ordinance violation.

Plaintiff argues against the application of the double jeopardy doctrine on two grounds. He first contends that the application of the same transaction test creates a conflict between defendant's right to be free from second jeopardy and the Legislature's allocation of jurisdiction to the courts. This conflict stems from the grant of jurisdiction over ordinance violations to district court, MCLA 600.8311(b); MSA 27A.8311(b), and the vesting of jurisdiction over felonies in circuit court, MCLA 600.601; MSA 27A.601. For the reasons stated in *Davenport* and *West,* we reject this claim. As did those cases, we hold that the allocation of jurisdiction cannot defeat a defendant's right to be free from second jeopardy and that the resolution of this conflict is a matter for the Legislature or the Supreme Court.[1]

Second, plaintiff claims that this case is distinguishable from *Davenport* and *West* because, unlike those cases, there is no "unity of intent" between the two charges here. Cases in this Court have read *White* as holding that, for the applica-

---

[1] *See People v White,* 390 Mich 245, 260–261, fn 10; 212 NW2d 222 (1973), where, in dicta, the Court adopted this Court's holding that the procedural allocations of jurisdiction must be subordinated to a defendant's freedom from double jeopardy. This is especially so in light of *Waller v Florida,* 397 US 387; 90 S Ct 1184; 25 L Ed 2d 435 (1970), *reh den* 398 US 914; 90 S Ct 1684; 26 L Ed 2d 79 (1970), where the U.S. Supreme Court viewed a state and its municipalities as one sovereign, not separate ones, for double jeopardy purposes.

tion of the double jeopardy bar, the charged offenses must (1) be continuous in time sequence and (2) display single intent and goal. See *People v Charles Johnson,* 62 Mich App 240; 233 NW2d 246 (1975). In *Davenport* and *West,* plaintiff notes, the intent was the defendant's refusal to submit to police authority. Here, plaintiff claims, there is no unity between public intoxication and resisting arrest.

We disagree with plaintiff's analysis. We do not believe that the two factors mentioned in *White* were meant to constitute an absolute test. Rather, they were designed as an aid to determine the applicability of double jeopardy principles. Indeed, these factors are generally stated in the disjunctive: whether a "defendant's conduct constituted a single act * * * *or* was motivated by a single intent". Note, *Twice in Jeopardy,* 75 Yale LJ 262, 276 (1965). (Emphasis supplied.)[2] The application of the same transaction test must be made with an eye to the reasons for protecting a defendant from double jeopardy: finality of prosecution, protection of a defendant from continuing distress and harassment, and a need for speedy justice. *Id.* at 277–279. Both the applicability of these purposes and the fact that the charges against defendant arose out of intricately connected events require our application of the double jeopardy doctrine to this case.

Affirmed.

---

[2] This authority was cited in *White, supra,* at 257.