PEOPLE v KRETCHMER

Docket No. 57997. Argued January 5, 1978 (Calendar No. 15).—Decided December 26, 1978.

Clarence L. Kretchmer was charged with public intoxication under a Niles Township ordinance and with resisting a police officer in the discharge of his duty; both charges arose out of the defendant's actions while police officers were quieting a disturbance in a tavern. He was acquitted in the Fifth District Court, John Iwaniuk, J., of the charge of public intoxication. The Berrien Circuit Court, Julian Hughes, J., granted the defendant's motion to quash the information charging resisting a police officer on the ground of the defendant's right to be free from second jeopardy under the "same-transaction" test. The Court of Appeals, N. J. Kaufman, P.J., and R. B. Burns and Deneweth, JJ., affirmed (Docket No. 22609). The people appeal. *Held:*

   1. Where one or more of the offenses charged does not

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5, 6] 5 Am Jur 2d, Arrest § 94

   21 Am Jur 2d, Criminal Law §§ 107, 108, 182-193.

   75 Am Jur 2d, Trial §§ 367, 426.

   What constitutes obstructing or resisting an officer, in the absence of actual force. 44 ALR3d 1018.

   Modern status of the rules as to voluntary intoxication as defense to criminal charge. 8 ALR3d 1236.

   Effect of voluntary drug intoxication upon criminal responsibility. 73 ALR3d 98.

   Location of offense as "public" within requirement of enactments against drunkenness. 8 ALR3d 930.

   When intoxication deemed in voluntary so as to constitute a defense to criminal charge. 73 ALR3d 195.

[3, 4] 21 Am Jur 2d, Criminal Law §§ 107, 108.

   75 Am Jur 2d, Trial §§ 367, 426.

   Modern status of the rules as to voluntary intoxication as defense to criminal charge. 8 ALR3d 1236.

   Effect of voluntary drug intoxication upon criminal responsibility. 73 ALR3d 98.

   When intoxication deemed involuntary so as to constitute a defense to criminal charge. 73 ALR3d 195.

involve criminal intent, the "same transaction" test defining "same transaction" as those crimes committed in a continuous time sequence which display a single intent or goal is inappropriate in examining a claim of double jeopardy. Instead, the criterion is whether the offenses are part of the same criminal episode, and whether the offenses involve laws intended to prevent the same or similar harm or evil, not a substantially different, or a very different kind of, harm or evil.

2. Public intoxication does not involve an element of criminal intent. Whether or not public intoxication and resisting arrest can be part of the same criminal episode, the two laws are intended to prevent substantially different harm or evil. The purpose of the public intoxication ordinance was to protect the public, as it went about its business, from persons not in control of themselves. The purpose of the resisting arrest statute is to protect persons (the officers) from physical harm and violence. The enactment of 1977 PA 109 and 1977 PA 110 reflects the legislative judgment that public intoxication is so substantially different from conduct generally covered by the criminal law that it should not be a criminal offense at all. Therefore, prosecution of a charge of resisting arrest arising out of events which led to the charge of public intoxication is not barred by double jeopardy.

Justice Moody, joined by Justices Coleman and Fitzgerald, concurred in the result and agreed that this case may be distinguished from the one which announced the "same-transaction" rule because the case here entailed both criminal intent and non-criminal intent offenses which were meant to address different evils. However, he would find this case a clear exception to the same-transaction rule on another ground. The Legislature vested jurisdiction over ordinance violations in the district courts and jurisdiction over offenses such as resisting arrest in the circuit courts. In this case, where neither district nor circuit court had subject-matter jurisdiction to try all the criminal charges arising out of this incident, it would be anomalous and unjust to preclude prosecution by separate trial on those charges necessarily triable only in different courts. Therefore, a claim of double jeopardy may not bar the prosecution of the defendant for resisting arrest. The same-transaction rule was simply not conceived or intended to apply to this type of case.

The decision of the Court of Appeals is reversed and the case is remanded to the circuit court for further proceedings.

66 Mich App 548; 239 NW2d 658 (1976) reversed.

OPINION OF THE COURT

1. CRIMINAL LAW — DOUBLE JEOPARDY — SAME TRANSACTION —
   RESISTING ARREST — PUBLIC INTOXICATION.

   The offense of resisting arrest and that of public intoxication,
   which does not include an element of criminal intent, involve
   laws intended to prevent substantially different harm or evil
   and do not, therefore, require a single prosecution in a case
   arising out of one episode (US Const, Am V; Const 1963, art 1,
   § 15; MCL 750.479; MSA 28.747).

2. CRIMINAL LAW — DOUBLE JEOPARDY — JOINDER.

   Multiple criminal charges against a defendant in which not all
   the offenses involve criminal intent need not be joined at one
   trial where they are part of the same criminal episode but
   violate laws intended to prevent the same or similar harm or
   evil, but a substantially different kind of harm or evil (US
   Const, Am V; Const 1963, art 1, § 15).

3. CRIMINAL LAW — PUBLIC INTOXICATION — INTENT.

   Public intoxication does not involve an element of criminal
   intent.

4. CRIMINAL LAW — PUBLIC INTOXICATION.

   The enactment of a statute barring local ordinances imposing a
   civil or criminal penalty for public intoxication, being a com-
   mon drunkard, or being incapacitated, except as provided by
   the statute defining a disorderly person, reflects the legislative
   judgment that public intoxication is so substantially different
   from conduct generally covered by criminal law that it should
   not be a criminal offense at all (1977 PA 109, 1977 PA 110).

CONCURRING OPINION BY BLAIR MOODY, JR., J.

5. CRIMINAL LAW — DOUBLE JEOPARDY — SAME TRANSACTION —
   RESISTING ARREST — PUBLIC INTOXICATION — JURISDICTION.

   *A claim of double jeopardy on the ground that the defendant was
   previously acquitted in district court of public intoxication may
   not bar the prosecution of a defendant in circuit court for
   resisting arrest which arose out of his arrest for public intoxica-
   tion because neither district nor circuit court had subject-mat-
   ter jurisdiction to try all the criminal charges arising out of the
   incident (US Const, Am V; Const 1963, art 1, § 15; MCL
   600.601, 600.8311[b], 750.479; MSA 27A.601, 27A.8311[b],
   28.747).*

6. Criminal Law — Double Jeopardy — Jurisdiction — Same
    Transaction.

> It would be anomalous and unjust to preclude prosecution by
> separate trial on those charges necessarily triable only in
> different courts through the application of the "same-transac-
> tion" rule, which was not conceived or intended to apply to
> that kind of case (US Const, Am V; Const 1963, art 1, § 15;
> MCL 600.601, 600.8311[b]; MSA 27A.601, 27A.8311[b]).

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *John A. Smietanka*,
Prosecuting Attorney, and *John Jeffrey Long*,
Chief Assistant Prosecuting Attorney, for the peo-
ple.

*James K. Jesse* for defendant.

Per Curiam. The issue is whether defendant's
acquittal of a charge of public intoxication bars,
under the "same transaction" rule we adopted in
*People v White*, 390 Mich 245, 258; 212 NW2d 222
(1973), a charge of resisting arrest arising out of
the events which led to the charge of public intoxi-
cation.

We hold that prosecution is not barred because
the two offenses involve laws intended to prevent
substantially different harm or evil.

## I

The police arrived at a tavern on March 31,
1974 after receiving a report of a disturbance from
the owner. They saw a number of persons causing
trouble and asked them to leave. As these persons
were complying with the officers' request, they
received information that the defendant and a
companion were causing a disturbance. The offi-
cers asked the companion to leave. The defendant
intervened.

An officer testified at the preliminary examination that after an exchange of words, defendant was arrested, that he resisted the arrest and was subdued. Defendant was charged with an ordinance violation (public intoxication), and with a circuit-court misdemeanor (resisting a police officer in the discharge of his duty).[1]

On August 13, 1974 the defendant was acquitted in the district court of the public intoxication charge. The circuit court concluded that the trial in district court barred prosecution for resisting arrest. The Court of Appeals affirmed. 66 Mich App 548; 239 NW2d 658 (1976).

II

The offenses in *White* all involved an element of criminal intent. In *Crampton v 54-A District Judge,* 397 Mich 489, 499, 502; 245 NW2d 28 (1976), we held that the criterion applied in *White*[2] was inappropriate to a determination of whether a series of offenses arose out of the same transaction where at least one of those offenses did not involve an element of criminal intent. We developed the following criterion for such a situation:

"Where one or more of the offenses does not involve criminal intent, the criterion is whether the offenses are part of the same criminal episode, and whether the offenses involve laws intended to prevent the same or similar harm or evil, not a substantially different, or a very different kind of, harm or evil."

---

[1] MCL 750.479; MSA 28.747.

[2] We found that the three crimes committed by the defendant were all part of a single criminal transaction because they "were committed in a continuous time sequence and display a single intent and goal". *People v White,* 390 Mich 245, 259; 212 NW2d 222 (1973).

Public intoxication does not involve an element of criminal intent.

The people argue that the offenses were not "part of the same criminal episode" because the defendant's public intoxication existed before the police arrived at the scene. Whether or not public intoxication and resisting arrest can be part of the same criminal episode, we are persuaded that the two laws are intended to prevent substantially different harm or evil.

The purpose of the public intoxication ordinance, as is the purpose of the law proscribing the driving under the influence of liquor offense involved in *Crampton,* was to protect the public, as it went about its business, from persons not in control of themselves.[3] The purpose of the resisting arrest statute is to protect persons (the officers) from physical violence and harm.

The enactment of 1977 PA 110; MCL 325.763; MSA 18.1031(63) barring, after January 15, 1978, local ordinances imposing "a civil or criminal penalty for public intoxication, being a common drunkard, or being incapacitated" except as provided by MCL 750.167; MSA 28.364, as amended by 1977 PA 109, defining as "a disorderly person", among others, "[a] person who is intoxicated in a public place and who is either endangering directly the safety of another person or of property or is acting in a manner that causes a public disturbance", reflects the legislative judgment that public intoxication is so substantially different from conduct generally covered by the criminal law that it should not be a criminal offense at all.

We reverse the judgment of the Court of Ap-

---

[3] It may also have an aesthetic purpose. See Morris & Hawkins, The Honest Politician's Guide to Crime Control (University of Chicago Press, 1970), p 7.

peals and remand the matter to the circuit court for further proceedings consistent with this opinion.

KAVANAGH, C.J., and WILLIAMS, LEVIN, and RYAN, JJ., concurred.

BLAIR MOODY, JR., J. *(concurring).* The question of law raised in this case is whether the "same-transaction" rule, adopted in *People v White,* 390 Mich 245; 212 NW2d 222 (1973), bars defendant's prosecution in circuit court for resisting arrest after his acquittal in district court of public intoxication arising from the same incident. The Court of Appeals affirmed the dismissal ordered in circuit court. 66 Mich App 548; 239 NW2d 658 (1976).

The per curiam opinion distinguishes *White* on the ground that "the two offenses involve laws intended to prevent substantially different harm or evil". That opinion, therefore, reverses the Court of Appeals and remands the matter to circuit court for further proceedings.

I concur without reservation in this result and order to remand. I also agree that *White* may be distinguished because the incident here entailed both criminal intent and non-criminal intent offenses which were meant to address different evils. *Crampton v 54-A District Judge,* 397 Mich 489, 501-502; 245 NW2d 28 (1976). However, I would find the instant case a clear exception to the *White* rule on another basis argued by the parties and presented as a key issue before the Court.

I

Jurisdiction over ordinance violations is vested in the district courts. MCL 600.8311(b); MSA 27A.8311(b). Jurisdiction over circuit-court misde-

meanors is vested in the circuit courts. MCL 600.601; MSA 27A.601. Consequently, application of the same-transaction test to this case presents an apparent conflict between defendant's right against double jeopardy and the Legislature's allocation of jurisdiction to the courts. However, on closer examination, existing authority indicates that trying defendant in circuit court on the charge of resisting arrest does not constitute double jeopardy in relation to the prior district court acquittal of public intoxication.

The same-transaction test was adopted in *White* on the basis of Justice Brennan's concurring opinion in *Ashe v Swenson,* 397 US 436, 448; 90 S Ct 1189; 25 L Ed 2d 469 (1970). He found that the same-transaction test was the best method to protect defendants' Fifth Amendment guarantee not to be twice placed in jeopardy for the same offense:

"In my view, the Double Jeopardy Clause requires the prosecution, except in most limited circumstances, to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction. This 'same transaction' test of 'same offense' not only enforces the ancient prohibition against vexatious multiple prosecutions embodied in the Double Jeopardy Clause, but responds as well to the increasingly widespread recognition that the consolidation in one lawsuit of all issues arising out of a single transaction or occurrence best promotes justice, economy, and convenience." 397 US 453-454.

However, both *White* and Justice Brennan's opinion in *Ashe* recognized that the test was subject to exceptions. 390 Mich 258, fn 6. In fact, Justice Brennan addressed the very question before us now. He found that among the situations necessitating an exception to the "same-transaction" test was one where "no single court had

jurisdiction of all the alleged crimes". 397 US 453, fn 7.

Accordingly, it was recognized that prohibiting prosecution of unrelated charges arising out of the same transaction simply because all of the offenses charged could not be tried in one court would create an anomalous situation. The purpose of avoiding vexatious multiple prosecutions is not compromised by allowing separate trials when the charges against defendant are not capable of being brought in the same court because they involve distinct subject-matter jurisdiction. Clearly, the circumstances in this case represent this limited exception to the general rule.[1]

In *Crampton, supra,* this Court explicitly reinforced this position by quoting from the American Law Institute, Model Penal Code (Proposed Official Draft, 1962), § 1.07(2):

[1] The Court of Appeals opinion in this case raises the "allocation of jurisdiction" question. 66 Mich App 548, 550; 239 NW2d 658 (1976). A footnote in *White* is cited for the proposition that *in all instances* jurisdictional differences will not displace the application of the same-transaction rule. 390 Mich 260-261, fn 10.

The *White* footnote, admittedly dictum, related to the special facts of that case where different courts had the same subject-matter jurisdiction and therefore the capability to try all charges in one court. In that situation when all charges arising out of the transaction are not tried contemporaneously in one court, then double jeopardy will apply to preclude subsequent prosecution in another court. In other words, where two courts such as Wayne Circuit Court and Recorder's Court of the City of Detroit have concurrent subject-matter jurisdiction, then double jeopardy considerations will arise if two charges stemming from the same criminal incident are not tried together in one of those two courts. See 390 Mich 261-262, fn 11.

However, an entirely different question arises when the single transaction encompasses two offenses involving distinct subject-matter jurisdiction. In this case, the two charges should be allowed to be separately tried in the respective courts. The footnote in *White* addressed the former problem. We deal with the latter in this case. The Court of Appeals was therefore mistaken in applying the principle discussed in *White* to the present matter. Similarly, see *People v Davenport (On Remand),* 51 Mich App 484; 215 NW2d 702 (1974), *lv den* 392 Mich 761 (1974); *People v West,* 54 Mich App 527; 221 NW2d 179 (1974).

"A defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial *and are within the jurisdiction of a single court."* 397 Mich 500. (Emphasis added.)

## II

Our Court for many years has recognized the principle that a conviction of a misdemeanor in an inferior court does not constitute former jeopardy so as to bar subsequent prosecution for a felony arising out of the same transaction. *People v Townsend,* 214 Mich 267; 183 NW 177 (1921). In *Townsend,* where defendant was convicted in municipal court of driving while intoxicated and later tried for manslaughter arising from the same incident, the Court stated:

"After the accident and before the death of Agnes Thorne, defendant was convicted in the municipal justice court of the crime of driving an automobile while intoxicated. Upon the trial defendant urged that such conviction was a bar to the prosecution for manslaughter, claiming former jeopardy. There is no merit in this point. The former transaction was for a misdemeanor and did not and could not include the charge here laid. A conviction in an inferior court of a misdemeanor does not constitute former jeopardy so as to bar subsequent prosecution for a felony arising out of the same transaction. The felony here charged being beyond the jurisdiction of the inferior court, and not included in any sense within the charge there laid, the defense of former jeopardy fails." 214 Mich 275.

The Legislature vested jurisdiction over ordinance violations in the district courts and jurisdic-

tion over offenses such as resisting arrest in the circuit courts. In the instant case, then, where neither district nor circuit court had subject-matter jurisdiction to try all the criminal charges arising out of this incident, it would be anomalous and unjust to preclude prosecution by separate trial on those charges necessarily triable only in different courts.

Therefore, it is concluded that a claim of double jeopardy may not bar the prosecution of defendant in circuit court for resisting arrest. The same-transaction rule was simply not conceived or intended to apply to this type of case.

However, the Fifth Amendment guarantee against double jeopardy incorporates collateral estoppel as a constitutional requirement. *Ashe v Swenson, supra.* Consequently, the question whether defendant was intoxicated in a public place cannot be litigated during the trial for resisting arrest.

I thus concur in reversing the decision of the Court of Appeals for the reasons stated.

COLEMAN and FITZGERALD, JJ., concurred with BLAIR MOODY, JR., J.