**STATE of Indiana, Plaintiff-Appellant,**

v.

**Scott R. BURKE, Defendant-Appellee.**

No. 3–482A74.

Court of Appeals of Indiana,
Third District.

Jan. 4, 1983.

Rehearing Denied March 25, 1983.

Linley E. Pearson, Atty. Gen., Michael Warden, Deputy Atty. Gen., Indianapolis, Ralph R. Huff, Deputy Pros. Atty., Plymouth, for plaintiff-appellant.

Joseph V. Simanski, Plymouth, for defendant-appellee.

GARRARD, Judge.

The State of Indiana appeals from the trial court's dismissal of an information filed against Scott R. Burke.

On July 18, 1980 an officer of the Culver Police Department stopped a vehicle in which Burke and a companion were riding. The officer observed several cans of beer in the vehicle, and upon determining that Burke was eighteen years old the officer issued Burke a traffic ticket charging him with being a minor in possession of alcohol. IC 7.1–5–7–7. The officer also discovered in the vehicle marijuana and phencyclidine.

On July 22 Burke was arraigned on the possession of alcohol charge. He pled guilty and was fined. On August 20, the state filed an additional two-count information against Burke charging him with: (1) possession of marijuana in aggregate weight of less than thirty grams, a Class A misdemeanor; and (2) possession of a controlled substance (phencyclidine), a Class D felony.

Prior to his arraignment on these charges, Burke moved to dismiss the indictments. In his motion Burke argued that the prior prosecution barred the present prosecution. The trial court granted Burke's motion, and the state appeals.

The question we must decide is whether IC 35–41–4–4 barred the state from proceeding with the second prosecution even though there was not such an identity of the offenses as to implicate the prohibition against double jeopardy.[1] The statute provides:

"(a) A prosecution is barred if all of the following exist:

(1) There was a former prosecution of the defendant for a different offense or for the same offense based on different facts.

(2) The former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under Section 3 of this chapter.

(3) The instant prosecution is for an offense with which the defendant should have been charged in the former prosecution.

(b) A prosecution is not barred under this section if the offense on which it is based was not consummated when the trial under the former prosecution began."

---

1. Legislative recognition of this prohibition appears in IC 35–41–4–3.

Burke contends that because the offenses with which he is presently charged occurred at the same time as the prior offense, the state was required by IC 35–41–4–4 to file in one proceeding all charges relating to his acts at that time. By failing to bring all such charges against him in one proceeding, Burke contends that the state is now barred from prosecuting him for the omitted offenses. Conversely, the state argues that the prosecutor was not required to join all possible charges against Burke in one action because all the requirements of IC 35–41–4–4 are not met in this case.

Both sides acknowledge the existence of the statute's first two requirements and the inapplicability of paragraph (b). The question to be decided is the proper interpretation of the statute's third requirement that the present prosecution is one "with which the defendant *should have been* charged in the former prosecution."

Burke urges that the statute should be interpreted to apply to all offenses committed in the same relative time frame or as part of the same general criminal episode. He argues that this interpretation is necessary to give meaning to the statute since a separate statute, IC 35–41–4–3, concerns the bar for double jeopardy. He offers no Indiana decisions to support his position but does cite cases from three other jurisdictions as persuasive authority. *See People v. West* (1974), 54 Mich.App. 527, 221 N.W.2d 179; *State v. Johnson* (1974), 17 Or.App. 296, 521 P.2d 1316; *State v. Finn* (1972), 295 Minn. 520, 203 N.W.2d 114.

In *People v. West* the Michigan court held that the appellant could not be prosecuted for resisting arrest after he had been found guilty on a prior charge of "disorderly creating a disturbance" from the same sequence of events because the Michigan Supreme Court had adopted the "same transaction" test in applying the constitutional protection against double jeopardy. 221 N.W.2d at 180.

Similarly, in *State v. Finn* the Minnesota court held that Section 609.035 of the criminal code barring separate prosecutions where "a person's conduct constitutes more than one offense" should be interpreted to bar prosecution where the offenses occur at substantially the same time and place, arise from a continuous course of conduct and manifest an indivisible state of mind or coincident errors of judgment. 203 N.W.2d at 115.

Our Supreme Court has considered and rejected this approach to the double jeopardy prohibition in favor of the traditional test of *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. *See Washington v. State* (1981), Ind., 422 N.E.2d 1218; *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893. We, therefore, find the Michigan and Minnesota decisions inapposite.

In *State v. Johnson, supra,* the Oregon court relied upon a mandatory joinder statute, ORS 131.515(2) which provides:

"No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

A provision similar to the Oregon one was contained in the Criminal Law Study Commission's recommendation to the legislature[2] but was deleted when the statute was enacted.

Indiana's general joinder statute is permissive. It provides:

shall not be subject to separate trials for such multiple related crimes based on the same conduct or a series of such acts, if such crimes are within the jurisdiction of the same court and known to the proper prosecuting officer, unless, the court may, in the interest of justice, order that one or more of such crimes shall be tried separately."

---

**2.** Section 7 of the proposal provided:

"Prosecution for multiple related crimes.— When the same conduct or a series of acts connected together in or constituting parts of a single transaction of a defendant may establish the commission of more than one crime, the defendant may be prosecuted for each such crime. Provided, however, That a defendant

"Two [2] or more offenses can be joined in the same indictment or information, with each offense stated in a separate count, when the offenses:

(1) Are of the same or similar character, even if not part of a single scheme or plan; or

(2) Are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan."

IC 35–3.1–1–9(a), recodified as IC 35–34–1–9(a). *See Snodgrass v. State* (1979), Ind. App., 395 N.E.2d 816.

The only other statute that appears to have bearing on the issue is IC 35–3.1–1–10, recodified as IC 35–34–1–10, which provides:

"(a) When a defendant has been charged with two [2] or more offenses in two [2] or more indictments or informations and the offenses are such that they could be joined in the same indictment or information under section 9(a)(1) of this chapter, the court, upon motion of the defendant, may order that the indictments or informations be joined for trial. Such motion shall be made before commencement of trial on either of the offenses charged.

(b) When a defendant has been charged with two [2] or more offenses in two [2] or more indictments or informations and the offenses could have been joined in the same indictment or information under section 9(a)(2) of this chapter, the court, upon motion of the defendant or the prosecuting attorney, or on its own motion, shall join for trial all of such indictments or informations unless the court, in the interests of justice, orders that one [1] or more of such offenses shall be tried separately. Such motion shall be made before commencement of trial on either of the offenses charged.

(c) A defendant who has been tried for one [1] offense may thereafter move to dismiss an indictment or information for an offense which could have been joined for trial with the prior offenses under section 9 of this chapter. The motion to dismiss shall be made prior to the second trial, and shall be granted if the prosecution is barred by reason of the former prosecution.

(d) A defendant who has entered a plea of guilty to one [1] offense may thereafter move to dismiss an indictment or information for a related offense and such motion shall be granted if the plea of guilty was entered on the basis of a plea agreement in which the prosecutor agreed to seek or not to oppose dismissal of other related offenses or not to prosecute other potential related offenses.

(e) For purposes of this section, two [2] or more offenses which are within the jurisdiction of the same court and which could have been joined in one [1] prosecution constitute related offenses."

Subsection (c) does not serve to flesh in the meaning or application of IC 35–41–4–4 since it merely provides for granting a motion to dismiss "*if* the prosecution *is barred* by reason of the former prosecution." *See* Conour, Criminal Justice Notes, 24 Res Gestae 586–87.

It does appear that if the court ordered joinder pursuant to subsection (a), and the state elected to dismiss one of the offenses ordered joined, then IC 35–41–4–4 would operate to bar a subsequent attempt to reprosecute for that offense.[3] That situation does not appear in this case.

We conclude that there was no requirement compelling the state to charge Burke in one indictment or information with the offenses he committed on July 18, 1980. Therefore, he was not entitled to be discharged from the instant prosecution by virtue of IC 35–41–4–4, and the trial court erred in dismissing the charges.

Reversed.

HOFFMAN, P.J., and STATON, J., concur.

---

**3.** Subsection (d) would also provide a bar to enforce a plea agreement, but would not require application of IC 35–41–4–4.