· **Jeffrey O. GREGORY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 20A03–9203–CR–70.**

Court of Appeals of Indiana,
Third District.

July 27, 1992.

Transfer Denied Sept. 10, 1992.

Neil E. Holbrook, Murto & Holbrook, Goshen, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Jeffrey O. Gregory appeals his conviction for dealing in cocaine, a Class A felony. IND.CODE § 35-48-4-1 (1991 Supp.).

The facts relevant to the appeal disclose that on February 26, 1990, March 1, 1990, March 2, 1990, March 7, 1990, and March 8, 1990, appellant delivered cocaine to a confidential informant in Elkhart County. On June 8, 1990, appellant was charged with four counts of dealing in cocaine, all Class A felonies, for the February 26, March 1, March 2, and March 7 incidents. Appellant was convicted of all four counts in July of 1991. On August 2, 1991, appellant was charged with the instant offense for the March 8 incident. Appellant filed a motion to dismiss the information on October 28, 1991, which the court denied that same day. A jury trial was held on October 30, 1991, after which appellant was found guilty as charged. This appeal ensued.

Appellant's sole claim on appeal is that the trial court erred in denying his motion to dismiss the charging information. According to IND.CODE § 35-34-1-8(f) (1988 Ed.): "The defendant has the burden of proving by a preponderance of the evidence every fact essential to support the motion [to dismiss]." Because the defendant has the burden of proof, the denial of his motion is a negative ruling, reversible only if the evidence is without conflict and leads inescapably to the conclusion that he is entitled to dismissal. *Richardson v. State* (1983), Ind.App., 456 N.E.2d 1063, 1066.

Specifically, appellant claims the trial court should have joined the instant charge with the four prior charges. He argues that the court's failure to join the charges violates the United States and Indiana constitutional provisions against double jeopardy. He also argues that the instant charge should have been dismissed pursuant to IND.CODE § 35-41-4-4(a) (1988 Ed.) which states as follows:

"A prosecution is barred if all of the following exist:

(1) There was a former prosecution of the defendant for a different offense or for the same offense based on different facts.

(2) The former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.

(3) The instant prosecution is for an offense with which the defendant should have been charged in the former prosecution."

In *Seay v. State* (1990), Ind., 550 N.E.2d 1284, our Supreme Court held that IND. CODE § 35-41-4-4(a)(3) does not

"automatically bar successive prosecutions for separate offenses which are committed at the same time or during the same general criminal episode. Neither can it be interpreted to bar successive prosecutions for separate offenses

arising from temporally distinct criminal episodes."

*Id.* at 1288. This Court has also addressed IND.CODE § 35–41–4–4(a)(3):

"The words 'should have been charged' must be read in conjunction with Indiana's joinder statute, Ind.Code 35–34–1–9, which is permissive and does not necessarily require the State to join all offenses from the same time period in one information or indictment. *See State v. Burke* (1983) 3d Dist.Ind.App., 443 N.E.2d 859."

*Sharp v. State* (1991), Ind.App., 569 N.E.2d 962, 967. In *Burke*, the defendant argued that the "should have been charged" language of IND.CODE § 35–41–4–4(a)(3) must be interpreted to apply to all offenses committed in the same relative time frame or as part of the same general criminal episode in order to give meaning to Indiana's double jeopardy statute, IND. CODE § 35–41–4–3 (1988 Ed.), which bars successive prosecutions for the same offense. *Id.* at 861. However, the *Burke* court rejected the defendant's interpretation, finding that Indiana does not follow the "same transaction" approach to assessing double jeopardy violations and that, therefore, there was no constitutional requirement that the offenses be joined for trial. *Id.* The *Burke* court also found that there was no statutory requirement that the offenses be joined for trial because the joinder statute, IND.CODE § 35–34–1–9 (1988 Ed.), employs permissive rather than mandatory language. *Id.* at 861–862.

Here, as in the *Burke* case, the State was not obligated to pursue all charges against appellant in one action; therefore, the trial court did not err in denying the motion to dismiss.

Affirmed.

GARRARD and BAKER, JJ., concur.